(91 App. Div. 18.)

MONTGOMERY v. DANIELL et al.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. TRIAL—CALENDARS—PREFERENCE.

Code Civ. Proc. § 977, provides that at any time after the joinder of issue and 14 days before the commencement of the term either party may serve a notice of trial, and the party serving the notice must file with the clerk a note of issue at least 12 days before the commencement of a term; whereupon the clerk shall enter the cause on the calendar according to the date of the issue, where it shall remain until it is disposed of. Held, that where a cause was first noticed for trial by the plaintiff on July 31, 1903, for the next October term of the court, and plaintiff duly placed the cause on the calendar for trial by the filing of a note of issue for that term, and defendants served no notice of trial for the October term, they were not entitled to serve a notice of trial for the succeeding December term, and thereon base an application for preference.

Appeal from Special Term.

Action by Mary Montgomery against John Daniell, Jr., and others. From an order granting defendants' motion to prefer the case for trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

W. D. Reed, for appellant.

A. E. Blackmar, for respondents.          .

VAN BRUNT, P. J.    This action was brought under section 2653a of the Code of Civil Procedure to determine the validity of the probate of a will.   Issue was joined on the 16th of June, 1903.   On the 31st of July, 1903, the case was noticed for trial by the plaintiff for the next term of the court, which commenced on the first Monday of October, 1903.   The plaintiff duly placed the cause upon the calendar for trial by the filing of a note of issue for said October term.   The defendants served no notice of trial for the October term; but on the 19th of November, 1903, some of the defendants, who had appeared in the action by attorney, served a notice of trial for the December term, accompanied by a notice of motion for a preference over all issues. They also filed a note of issue for December.   Upon the coming on of the motion for preference the same was granted, and from the order thereupon entered this appeal is taken.

Upon reference to the provisions of section 977 of the Code of Civil Procedure, we do not see what authority there was for the defendants to place the cause upon the calendar a second time.   That section reads as follows:

"At any time after the joinder of issue, and at least fourteen days before the commencement of the term, either party may serve a notice of trial. The party serving the notice must file with the clerk a note of issue, stating the title of the action, the names of the attorneys, the time when the last pleading was served, the nature of the issue, whether of fact or of law, and if an issue of fact, whether it is triable by a jury, or by the court without a jury. The note of issue must be filed at least twelve days before the commencement of the term. The clerk must thereupon enter the cause upon the calendar according to the date of the issue,  *   *   *  and the action must remain on the calendar until it is disposed of."

The plaintiff in this action complied with the provisions of this section by serving her notice of trial for the October term, and placing the cause upon the calendar for that term.   Then, under the Code, it went upon the calendar for the October term, and is required to remain there until it is disposed of.   There is no provision whatever for the noticing of the case for another term and the filing of another note of issue and securing another place upon the calendar.   Therefore there is no provision authorizing the filing of a new note of issue for the December term, as was done by the defendants, and, in order that a notice of trial could be of any value, it is necessary that it should be accompanied by a note of issue.   The defendants in this action had ample opportunity to notice this cause for the October term, and to claim their preference at the term for which the note of issue was being filed; but they neglected so to do, and they cannot subsequently change the position of the cause upon the calendar by the filing of a new note of issue. We think, therefore, that the court was without authority to grant the motion for a preference.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.